IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:08-CR-36-MHT |
| ) | |
| PAUL DENNIS LUCAS ) | |

**MOTION TO SUPPRESS EVIDENCE**

**COMES NOW** the defendant, Paul D. Lucas, by and through undersigned counsel, Danielle W. Mason, and moves this Court to suppress the evidence seized from Paul Lucas' vehicle on May 18, 2007 based on constitutional violations under the Fourth Amendment. In support of this motion, undersigned counsel submits the following:

**Relevant Facts**

1. On or about February 12, 2008, an indictment was filed charging Mr. Lucas with two counts of copyright infringement in violation of Title 17 United States Code, Section 506(a)(1)(A) and Title 18, United States Code, Section 2319(b)(1).

2. Beginning on or about February 2, 2007, the FBI initiated an investigation of Mr. Lucas, which included the use of confidential witnesses and surveillance of Mr. Lucas' activities. The surveillance and the use of confidential witnesses were set up at the direction of FBI agents. As such, these activities, including times and locations, were known to the FBI at all times.

3. This investigation culminated on or about May 18, 2007 when the FBI set up another operation where the FBI arranged for a confidential witness to buy DVDs from Mr. Lucas at a designated time and place. Because the FBI coordinated the operation, they were aware, or should have been aware that contraband would be present during the proposed exchange.

4. On May 18, 2007, when Mr. Lucas showed up at the designated time and place, the FBI approached him. At the time Mr. Lucas was approached, he was told that he was not under arrest and his cooperation was voluntary. However, there is good cause to believe that Mr. Lucas was also told that if he refused to cooperate, he would be arrested.

5. During this conversation, FBI agents asked Mr. Lucas whether there were counterfeit DVDs in his vehicle. Prior to asking Mr. Lucas, the FBI knew what was in the vehicle because they had set up the meeting between the confidential witness and Mr. Lucas.

6. FBI agents told Mr. Lucas that they would be searching the vehicle because it contained contraband. FBI agents searched the vehicle without a warrant and seized multiple DVDs and CDs.

7. Because the FBI told Mr. Lucas they would be searching the vehicle, the subsequent search of the vehicle was not consensual. Furthermore, because Mr. Lucas was not under arrest, the warrantless search of the vehicle was not authorized as a search incident to arrest.

8. Therefore, there was no valid basis for the FBI to search the vehicle without a warrant because no exigent circumstances were present and no effective consent was given.

## Discussion

The Fourth Amendment of the United States Constitution protects people against unreasonable searches and seizures. U.S. CONST. amend. IV. If and after law enforcement establishes probable cause, the Fourth Amendment requires that a search warrant be obtained to constitute a legal search. *Id.* A well established rule of law when confronted with vehicle searches is the "automobile exception" set forth by one of the first and leading decisions on vehicle searches.

*Carroll v. United States*, 267 U.S. 132, 149 (1925). In *Carroll*, the Supreme Court held that when there is probable cause, that is, a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains illegal contraband, the search and seizure are considered valid. *Id.* at 149. The Supreme Court reasoned that the basis of this rule is due to the mobility of vehicles and the risk of destruction of evidence. However, the Court made clear that this rule applies only if it is not practicable to obtain a warrant. *Id.* at 153.

Here, it was practicable for the agents to obtain a warrant prior to the search of Mr. Lucas' vehicle. First, the Government had investigated Mr. Lucas for four months prior to the search of Mr. Lucas's car. The Government's knowledge prior to the search of Mr. Lucas's vehicle provided the Government ample opportunity and time to obtain a search warrant. The prior investigation of Mr. Lucas also defeated the rule of law in which an officer can make a warrantless search of a vehicle if probable cause exists. On the day of the search, the FBI coordinated with a confidential witness (as they had done at least twice before) to buy DVDs from Mr. Lucas; therefore, the agents knew before the incident occurred on May 18, 2007 that contraband would be present in his car. Furthermore, there was no risk of destruction of evidence in this case because Mr. Lucas' vehicle was parked and he was not in the vehicle at the time he was approached. Officers could have easily executed a warrant obtained prior to their approaching Mr. Lucas, or they could have briefly detained him until a warrant could be obtained.

The Supreme Court has held that anticipatory warrants do not violate the principles of the Fourth Amendment. *United States v. Grubbs*, 547 U.S. 90, 96 (2006). The basis for this decision was that all warrants are generally anticipatory and are issued with the expectation that evidence will be revealed. Anticipatory warrants require a judge to determine: "(1) that it is *now probable* that (2)

contraband, evidence of a crime, or a fugitive *will be* on the described premises (3) when the warrant is executed." *Id.* In determining whether an anticipatory warrant should be issued, a judge looks to the likelihood that a condition will occur and that proper evidence will be seized from the property. There are two requirements set forth by the United States Supreme Court for issuing an anticipatory warrant: fair probability that contraband or evidence of a crime will be found in a particular place and that there is probable cause to believe the triggering condition will occur. *Id.* at 96-97. Similarly in *United States v. Santa*, 236 F.3d 662 (11th Cir. 2000), the Eleventh Circuit held that an affidavit in support of an application for an anticipatory search warrant must show: 1) that the requesting agent believes a delivery of contraband is going to occur; 2) the affidavit must also demonstrate how the agent obtained the information to support the belief; 3) how reliable are the sources of information; and 4) what part the government agent will in fact play in the delivery.

Here, the FBI agents should have obtained an anticipatory search warrant in order to search Mr. Lucas's car. The agents had probable cause to believe contraband or evidence would be in Mr. Lucas's car because the agents coordinated the sale. The FBI agents coordinated sales on at least two occasions prior to May 18, 2007. These coordinated sales, which were at all times surveilled by the FBI, were always conducted out of Mr. Lucas' vehicle. Therefore, the officers had reason to know and believe that at the third proposed buy, contraband would be present. As such, the requesting agent had good cause to believe that "a delivery of contraband is going to occur." Further, the other three prongs outlined in *Santa* are met here because the agents had been investigating Mr. Lucas for months and generated their entire case against Mr. Lucas through these coordinated sales by and through confidential witnesses.

While it may be argued that the warrantless search should not lead to suppression of the

evidence because the contraband would be inevitably discovered subject to an inventory search upon arrest, the inevitable discovery rule does not apply when the police could have obtained a search warrant but did not do so prior to the search. *United States v. Satterfield*, 743 F.2d 827 (11th Cir. 1984) (the fact that the police could have obtained a search warrant, but were not in the process of doing so when the warrantless search occurred, did not trigger the inevitable discovery rule). Furthermore, the agents never gave Mr. Lucas any indication that he would be arrested as long as he cooperated. Therefore, there was no reason for the FBI agents to circumvent Mr. Lucas' Fourth Amendment rights and the evidence seized from the vehicle must be suppressed.

      The evidence seized from the vehicle must also be suppressed because Mr. Lucas did not give consent to search. It is well established that warrantless searches are per se unreasonable, unless one of the few recognized exceptions, such as consent or exigent circumstances, is present. *Coolidge v. N.H.*, 403 U.S. 443, 478 (1971). Whether an individual's consent to a warrantless search was given voluntarily is a question of fact that must be decided in light of the totality of the circumstances. *United States v. Purcell*, 236 F.3d 1274 (11th Cir. 2001). The government bears the burden of proving that the consent was not a function of acquiescence to a claim of lawful authority, but rather was given freely and voluntarily. *Florida v. Royer,* 460 U.S. 491 (1983). Moreover, the failure to object to a search does not amount to consent of the search. *United States v. Gonzalez,* 71 F.3d 819 (11th Cir. 1996).

      Here, the totality of the circumstances suggests that Mr. Lucas did not give the agents consent to search his car. Instead, the FBI agents advised Mr. Lucas that the car would be searched inasmuch as Mr. Lucas allegedly admitted that illegal DVDs were in the car. Since Mr. Lucas was told, not asked, that his vehicle would be searched, it is of no consequence that Mr. Lucas did not object to

the search because Mr. Lucas was only submitting to a claim of lawful authority. Furthermore, there is no indication that the agents expressly asked Mr. Lucas if they could search the vehicle or that Mr. Lucas responded to that request in the affirmative.

WHEREFORE, for the reasons outlined above, the evidence seized from Mr. Lucas' vehicle must be suppressed.

Dated this 24th day of July, 2008.

Respectfully submitted,

s/ Danielle W. Mason
DANIELLE W. MASON
Federal Defenders
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: daniell_mason@fd.org
ASB-6763L75M

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     Case No.: 2:08-CR-36-MHT |
| | ) |
| PAUL DENNIS LUCAS | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Nathan D. Stump, Esq., Assistant U. S. Attorney.

    Respectfully submitted,

s/ Danielle W. Mason
DANIELLE W. MASON
Federal Defenders
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: danielle_mason@fd.org
ASB-6763L75M