IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:08cr036-MHT |
| | ) | |
| PAUL DENNIS LUCAS | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this response to defendant's Motion to Suppress Evidence (hereinafter "Motion").

**1.  FACTUAL BACKGROUND**

On May 18, 2007, agents of the Federal Bureau of Investigation (FBI) in Montgomery were working with a cooperating witness (CW) in an investigation of the defendant, Paul Dennis Lucas. The CW had already conducted two recorded undercover buys from Lucas, and based upon that and other evidence, the FBI had probable cause to believe that Lucas was distributing counterfeit CDs and DVDs out of his vehicle.

A meeting was arranged between the CW and Lucas in the area of Alabama State University (ASU), and agents set up a physical surveillance there. They observed Lucas's unoccupied vehicle – a blue/green Lincoln Navigator, AL License #3A0232W – parked on a side street of the ASU campus.

After a while, the agents saw Lucas walking toward his vehicle, at which time FBI Special Agent D. Keith Baker approached him, explained who he was, and asked Lucas if he had any counterfeit DVDs in his vehicle. Lucas admitted that he did.

At that point, rather than make a scene in public (and to preserve the possibility of Lucas cooperating with the Government in some capacity), the agents asked Lucas if he

would be willing to follow them back to the FBI office where a full search of his vehicle could be performed. Lucas freely consented and drove his vehicle by himself all the way from ASU to the FBI office. There, Lucas was advised that he was not under arrest and was free to leave. He was asked if he would turn over his car keys to the agents so that they could conduct a search. Lucas responded by using his keys to open the vehicle's doors himself.

Agents proceeded to search his vehicle where they found and seized approximately 622 counterfeit DVDs and 749 counterfeit CDs. In a subsequent interview, Lucas voluntarily confessed to the production and distribution of counterfeit/pirated movie DVDs as well as music CDs.

**2.    BURDEN OF PROOF**

To succeed on a motion to suppress, the defendant has the burden of establishing that his Fourth Amendment rights were violated by the challenged search or seizure. *See United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000); *United States v. Braithwaite*, 709 F.2d 1450, 1453 (11th Cir. 1983). When the issue is one of consent, the government bears the burden of proving the consent was voluntary. *United States v. Blake*, 888 F.2d 795, 798 (11th Cir. 1989).

**3.    ISSUE PRESENTED**

The defendant's Motion presents only one issue for this Court to resolve and that is whether the FBI agents acted within the bounds of the Fourth Amendment when they searched Lucas's vehicle.

**4.     SHORT ANSWER**

Yes. The agents had probable cause to search the defendant's vehicle which was operational. Therefore, the search was authorized by the automobile exception to the warrant requirement. Furthermore, under the totality of the circumstances, Lucas freely and voluntarily consented to a search of his vehicle. The Motion should therefore be denied.

**5.     ARGUMENT**

   **A.     The Search Was Authorized By The Automobile Exception.**

As a general rule, the Fourth Amendment to the United States Constitution prohibits state actors from making searches or seizures of a person without probable cause. *United States v. Dunn*, 345 F.3d 1285, 1288 (11th Cir. 2003). Although it prohibits "unreasonable" searches and seizures, the Fourth Amendment does not explicitly require that either be conducted pursuant to a warrant. Indeed, while the Supreme Court has articulated a "preference" for warrants,[1] it has frequently found that warrantless searches are reasonable.

In *Carroll v. United States*, 267 U.S. 132 (1925) – the case most relied upon by Lucas in his Motion – the Court recognized that "the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." *Id.* at 149.

---

[1] *See, e.g.*, *United States v. Leon*, 468 U.S. 897, 914 (1984) ("[W]e have expressed a strong preference for warrants….").

The holding in *Carroll* gave rise to one of the most well-established exceptions to the warrant requirement: the so-called "automobile exception." In *United States v. Ross*, 456 U.S. 798 (1982), the Supreme Court stated that if there was probable cause to search a vehicle, a warrantless search would not be deemed in contravention of the Fourth Amendment if the facts of the case would have justified a warrant, "even though a warrant has not actually been obtained." *Id.* at 809; *accord Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996). There is no exigency requirement for the automobile exception to apply; as long as the vehicle was operational, a finding of probable cause alone is sufficient. *See United States v. Watts*, 329 F.3d 1282, 1285-86 (11th Cir. 2003)(citing *Maryland v. Dyson*, 527 U.S. 465, 467 (1999)).

Here, Lucas expressly concedes that the FBI agents had probable cause sufficient to support the issuance of a search warrant. *See, e.g.*, Mot. at 4 ("The agents had probable cause to believe contraband or evidence would be in Mr. Lucas's car…."). There can also be no question that the vehicle was operational since Lucas subsequently drove it to the FBI office where it was searched. Therefore, the two prongs of the automobile exception are easily met, and the search should be upheld as reasonable.

Lucas postulates that the automobile exception cannot be applied if "it was practicable for the agents to obtain a warrant prior to the search." Mot. at 3. This is simply not the law. *See e.g., Dyson*, 527 U.S. at 467 (emphasis in original):

> We made this clear in *United States v. Ross*, 456 U.S. 798, 809, 72 L. Ed. 2d 572, 102 S. Ct. 2157 (1982), when we said that in cases where there was probable cause to search a vehicle "a search is not unreasonable if based on facts that would justify the issuance of a warrant, *even though a warrant has not been actually obtained*."

4

Nor does it matter that Lucas was not in the vehicle when the agents approached him. *See generally, e.g.*, *United States v. Lindsey*, 482 F.3d 1285 (11th Cir. 2007) (where empty car was parked at gas pump, warrantless search was constitutional pursuant to the automobile exception); *United States v. Williams*, 199 Fed. Appx. 828 (11th Cir. 2006) (unpub.) (while subjects were briefly detained inside a store, warrantless search of their parked car was permissible under automobile exception). Because the agents had probable cause to believe that they would find counterfeit DVDs in Lucas's vehicle, and because the vehicle was functioning and therefore mobile, the agents were not required to obtain a warrant, and there is no legal basis for suppression.

**B.     The Search Was Authorized By The Defendant's Voluntary Consent.**

A warrantless search is valid, even absent probable cause, if it is conducted pursuant to voluntary consent. *United States v. Garcia*, 890 F.2d 355, 360 (11th Cir. 1989). Whether a consent to a search was in fact "voluntary" or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances. *United States v. Butler*, 102 F.3d 1191, 1197 (11th Cir. 1997).

In determining whether Lucas's consent was voluntary, this Court must scrutinize the facts and strike a balance between the defendant's right to be free from coercive conduct and the legitimate need of the government to conduct lawful searches. *Garcia*, 890 F.2d at 360. The government bears the burden of proving the voluntariness of the consent. *United States v. Blake*, 888 F.2d 795, 798 (11th Cir. 1989).

Relevant factors in determining voluntariness, none of which is dispositive, include: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedure; (3) the extent and level of the defendant's cooperation; (4) the

defendant's awareness of his right to refuse to consent to the search; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found. *United States v. Ramirez-Chilel*, 289 F.3d 744, 752 (11th Cir. 2002); *United States v. Chemaly*, 741 F.2d 1346, 1352 (11th Cir. 1984).

Analyzed against the circumstances of this case, the factors enumerated above strongly support a finding that the defendant's consent was voluntary. The encounter occurred outside in a public place and there were only two plain clothes agents present. None of the agents ever drew a weapon or made any other such show of authority; nor did they physically touch or restrain the defendant in any way. There is no evidence that the agents used a particularly forceful or intimidating tone of voice. The defendant's path was not blocked, and he was asked if he would agree to follow the agents to the FBI office by driving himself in his own vehicle. Although Lucas was not specifically told that he had the right to refuse to consent, the agents did advise him that he was not under arrest and that he was free to leave at any time. Lucas clearly understood that he was not required to comply with the FBI's requests, as he chose not to turn over his car keys. Instead, and even though he must have known that the agents would discover the contraband in his vehicle, Lucas voluntarily opened the car doors himself.

The only fact that seriously cuts against a finding of consent in this case is that the agents told Lucas they were going to search his vehicle with or without his consent. But that fact alone is not necessarily dispositive. *See, e.g.*, *United States v. Racca*, 255 Fed. Appx. 367, 369 (11th Cir. 2007) ("That the police inform the party (whose premises are searched) that they will obtain a search warrant absent consent does not establish coercion."); *cf. Garcia*, 890 F.2d at 361 (consent voluntary even where officers made

6

statements that they would not accept defendant's conditional consent to search and, if he refused to consent to a full search, they would attempt to obtain a search warrant); *United States v. Long*, 866 F.2d 402, 404 (11th Cir. 1989) (consent held voluntary where officers asked for consent to search yard and told defendant that if he refused, they would come back and "dig the place up"). Under the totality of the circumstances, Lucas voluntarily consented to the search of his automobile, and there is no Fourth Amendment violation.[2]

**6.   CONCLUSION**

Because the agents had probable cause to search the defendant's functioning automobile, they were not required to obtain a search warrant, and their search was constitutional. Moreover, the search was validated by the defendant's voluntary consent. For these and all the foregoing reasons, the Motion should be denied.

Respectfully submitted this the 30th day of July, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

*/s/ Nathan D. Stump*
NATHAN D. STUMP
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104-3429
Tel: (334) 223-7280
Fax: (334) 223-7560
Email: nathan.stump@usdoj.gov

---

[2] The Government submits that the search could also be supported by the plain view doctrine, based on the fact that the agents were able to see the contraband in the defendant's vehicle before the search began. *See generally United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006) (explaining the plain view doctrine). The search could also be justified by the inevitable discovery doctrine, based upon the fact that if Lucas had not consented to the search, the agents would have arrested him and then conducted the search of his vehicle incident to his arrest. *See, e.g.*, *United States v. Gonzalez*, 71 F.3d 819, 825 (11th Cir. 1996) ("When an occupant of an automobile is the subject of a lawful arrest, the Fourth Amendment permits the arresting officers to contemporaneously conduct a warrantless search not only of the occupant himself, but also of the passenger compartment of the automobile, as well as any closed (or open) containers found in this area of the automobile.") (internal citations omitted); *Nix v. Williams*, 467 U.S. 431, 444 (1984) (holding that evidence that results from an illegal search or seizure is nonetheless admissible if "the information ultimately or inevitably would have been discovered by lawful means").

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:08cr036-MHT |
| | ) | |
| PAUL DENNIS LUCAS | ) | |

## CERTIFICATE OF SERVICE

I, Nathan D. Stump, Assistant United States Attorney, hereby certify that on this the 30th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record, including Danielle Ward Mason, Esq., counsel for Defendant.

LEURA G. CANARY
UNITED STATES ATTORNEY


*/s/Nathan D. Stump*
NATHAN D. STUMP
131 Clayton Street
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: nathan.stump@usdoj.gov