IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR CASE NO: 2:08cr36-MHT |
| | ) | |
| PAUL DENNIS LUCAS | ) | |

## ORDER ON MOTION

Pending before the Court are Defendant's Renewed Motion for Reimbursement of Transportation Expenses to Court Proceedings (Doc. #23) and Motion to Seal Document (Doc. #26). In the Motion for Reimbursement (Doc. #23), Defendant requests reimbursement of bus fare from Dallas, Texas, to Montgomery, Alabama, on 29 July 2008, in the amount of $119.00 and from Montgomery, Alabama, to Birmingham, Alabama, on 8 August 2008,[1] in the amount of $31.50. While 18 U.S.C. § 4285 (2000) authorizes the Court to reimburse Defendant for travel expenses to court, it does not authorize payment from court. *United States v. James*, 762 F.Supp. 1, 2 (D. D.C. 1991) ("[T]he statute does not authorize the Court to direct the Marshal to pay for the defendant's return."); *United States v. Gonzales*, 684 F. Supp. 838, 841 (D. Vt. 1988) ("There is no authority to pay for defendant's return to Texas after the court proceeding."). Therefore, the Court cannot reimburse Defendant's travel expenses from Montgomery, Alabama, to Birmingham, Alabama.

Further, prior to directing the United States Marshal to reimburse the cost of the bus

---

[1] The hearing for which Defendant traveled to Montgomery was held on 31 July 2008.

ticket to Defendant, the Court must make an "appropriate inquiry, that [Defendant] is financially unable to provide the necessary transportation to appear before the required court on his own." 18 U.S.C. § 4285. The documents provided to the Court consist of a cellular telephone bill, what appears to be a bill from another telecommunications company, a bill from a satellite cable company, a statement regarding outstanding child support, and two pay stubs. There is no information regarding any other expenses or income, nor any statement that these are the only expenses or income available to Defendant. Based on this limited information, it does not appear Defendant is **financially unable** to provide the necessary transportation to Court. The bills submitted in support of Defendant's Motion, with the exception of the child support statement, consist of what this Court would deem to be "luxury" or non-essential items. These bills do not evidence Defendant is unable to afford the $119.00 bus fare to court.

The Court takes seriously its responsibility to conduct an appropriate review prior to authorizing expenditures. *See United States v. Nave*, 733 F. Supp. 1002, 1002-03 (D. Md. 1990) ("[U]under the so-called Anti-Deficiency Act, the Court should not order [an unauthorized] expenditure, see 31 U.S.C. section 1341, and, if it were to do so, the undersigned judge could conceivably be open to criminal prosecution under 31 U.S.C. section 1350."). Accordingly, it is

ORDERED that the Motion to Seal Document (Doc. #26) is GRANTED. It is further

ORDERED that Defendant's Renewed Motion for Reimbursement of Transportation Expenses to Court Proceedings (Doc. #23) is DENIED without prejudice. Defendant may

file another motion for reimbursement, under seal, which includes a notarized financial affidavit detailing all of Defendant's monthly income and expenses with all supporting documents (redacted where necessary).

DONE this 21st day of August, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE