IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:08cr36-MHT |
| PAUL DENNIS LUCAS | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Paul Dennis Lucas's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for September 22, 2008, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or

> indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, "whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or would result in a miscarriage of justice." Id. § 3161(h)(8)(B)(i).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Lucas in a speedy trial. Lucas represents that, due to the distance between

Montgomery and his permanent residence in Little Elm, Texas, he is unable, financially, to make repeated trips to Montgomery for court proceedings. Therefore, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, all parties have agreed to transfer this action to the district where Lucas currently resides.

The process for a Rule 20 transfer is intensive and it will take additional time for the paperwork to be completed and filed in the appropriate jurisdiction. will take time to be completed. Both parties agree that this process will exceed the current deadlines imposed in this matter. Lucas, therefore, seeks a continuance.

The court's decision in this matter is supported by the fact that the government does not oppose this motion.

Accordingly, it is ORDERED as follows:

(1) Defendant Paul Dennis Lucas's motion for continuance (doc. no. 28) is granted.

(2) The jury selection and trial, now set for September 22, 2008, are reset for January 5, 2009, at

3

10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 8th day of September, 2008.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE